UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| KOBE MAYNARD,<br>CDCR #BV-6222,<br><br>                                      Plaintiff,<br><br>      vs.<br><br>WARDEN GUZMAN, et al.,<br><br>                                 Defendants. | Case No.: 24cv0632-DMS (SBC)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS,** and<br><br>**(2) DISMISSING COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |
|---|---|

On March 29, 2024, Plaintiff Kobe Maynard, a state prisoner proceeding *pro se*, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 claiming he was provided inadequate medical care while housed at Centinela State Prison in Imperial, California. (ECF No. 1.)  The Complaint was accompanied by a Motion to Proceed In Forma Pauperis ("IFP"). (ECF No. 2.)  On April 17, 2024, the Court denied Plaintiff's IFP motion without prejudice and dismissed this action for failure to satisfy the filing fee requirement.  (ECF No. 3.)  Plaintiff has now filed a renewed IFP motion.  (ECF No. 4.)

**I.   Motions to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has insufficient assets. *See* 28 U.S.C. § 1915(b)(1)&(4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). Prisoners who proceed IFP must pay any remaining balance in "increments" or "installments," regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(1)&(2); *Bruce*, 577 U.S. at 84.

Plaintiff's prison certificate shows he had an average monthly balance of $123.83 and average monthly deposits of $113.43 for the 6-months preceding the filing of this action, and an available balance of $11.21. (ECF No. 4 at 5.) The Court **GRANTS** Plaintiff's motion to proceed IFP and declines to assesses the initial partial filing fee of $24.76 because it appears Plaintiff has insufficient funds to pay it. *See Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.") The Court directs the Secretary of the CDCR or his designee to collect and forward to the Clerk of Court the $350 balance of the filing fee required by 28 U.S.C. § 1914 pursuant to the installment payment provisions of 28 U.S.C. § 1915(b)(1).

///

## II. Screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of § 1915A is to ensure that the targets of frivolous or malicious suits need not bear the expense of responding." *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (internal quote marks omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights."

*Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks omitted).

### B. Allegations in the Complaint

Plaintiff alleges that on July 24, 2021, while housed at Centinela, he injured his ankle playing basketball. (ECF No. 1 at 7-9.) He claims Defendant Licensed Vocational Nurse Harris denied him crutches and prescribed over-the-counter pain medication. (*Id*. at 7.) Two days later an x-ray of the ankle revealed an avulsion fracture of the medial malleolus with a chronic deformity. (*Id*.) Plaintiff received an MRI on October 8, 2021, which showed "chronic deformity of the ankle, which may represent reflex sympathetic dystrophia/complex regional pain syndrome. Tiny ankle joint effusion, partial thickness tearing Achilles tendon, tibialis tendon tendonitis." (*Id*. at 7, 12.) He claims Defendant Orthopedic Doctor Amory saw no injury on the MRI and prescribed physical therapy, and thereby "contributed [to] a misdiagnosis . . . by failing to inquire into essential facts that are necessary to make a professional judgement and delaying treatment." (*Id*.)

On September 10, 2021, Plaintiff went to Tri-City Medical Center on an unrelated issue where he fell; he was admitted to the emergency room and given a cam boot to wear. (*Id*. at 12.) On September 15, 2021, Defendant "P&S" Dr. Duenas placed Plaintiff "into an unsafe condition that posed an unreasonable risk of serious damage to my future health [by] conveying wrong rehabilitative methods and delaying access to treatment, failing to conduct an adequate examination causing unnecessary and wanton infliction of pain resulting in permanent physical damage." (*Id*. at 19.) During his transportation to the Tri-City Medical Center on September 15, 2021, Defendant Correctional Officer John Doe 1 "vigorously" placed Plaintiff in a wheelchair, and once inside the hospital Defendant Correctional Officer John Doe 2 removed Plaintiff from the wheelchair and forced him to walk, causing him to fall. (*Id*. at 22-23.) Plaintiff alleges Defendant Tri-City Medical Center "failed to summon medical assistance or provide adequate training and or

supervision for their employee" Dr. Amory. (*Id*. at 24.)  He alleges Defendant Warden Guzman "is appointed to oversee the safety and security of the institution an[d] personally violated my rights by neglecting to properly train his subordina[tes]." (*Id*. at 3.)  He claims the Defendants violated his rights under the Eighth and Fourteenth Amendments.

### C.  Analysis

Prisoner medical care may amount to cruel and unusual punishment in violation of the Eighth Amendment, as applied to the States through the Fourteenth Amendment, when medical professionals are "deliberately indifferent" to an inmate's "serious" medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  "Deliberate indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.'" *Colwell v. Bannister,* 763 F.3d 1060, 1066 (9th Cir. 2014), quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

"[A] prison official violates the Eighth Amendment when two requirements are met.  First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  Second, Plaintiff must allege the prison official he seeks to hold liable had a "sufficiently culpable state of mind," that is, "one of 'deliberate indifference' to inmate health or safety." *Id.,* quoting *Wilson*, 501 U.S. at 302-03.  A prison official must "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

The allegations in the Complaint with respect to the serious medical need prong in relation to Plaintiff's ankle injury, which required transportation to an outside hospital for treatment, are sufficient to survive the "low threshold" of screening required by 28 U.S.C. §§ 1915(e)(2) & 1915A(b).  *Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *Doty v. County of Lassen*, 37 F.3d 540, 546 n.3 (9th Cir. 1994) ("[I]ndicia of a 'serious' medical need include (1) the existence of an injury that a reasonable doctor would find important

and worthy of comment or treatment, (2) the presence of a medical condition that significantly affects an individual's daily activities, and (3) the existence of chronic or substantial pain.")

However, the Complaint as drafted fails to plausibly allege any Defendant was deliberately indifferent to that serious medical need. The deliberate indifference prong of an Eighth Amendment violation "is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). A prison official can be held liable only if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. The Eighth Amendment is violated when a prison official, acting with deliberate indifference, exposes a prisoner to a sufficiently "substantial risk of serious harm" to his health. *Id*. at 843.

Plaintiff alleges Defendant Nurse Harris denied him crutches and prescribed over-the-counter pain medication after he injured his ankle, but did so two days before he received an x-ray and two weeks before he received an MRI. (ECF No. 1 at 7.) Plaintiff does not plausibly allege Nurse Harris knew of and deliberately disregarded a serious need for treatment other than crutches and over-the-counter pain medication. "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (internal quote marks omitted). However, a plaintiff can only establish deliberate indifference from such a delay where there is a purposeful act or failure to act by the prison official that results in harm. *Jett*, 439 F.3d at 1096; *Castro v. County of Los Angeles*, 833 F.3d 1060, 1068 (9th Cir. 2016) ("A prison official cannot be found liable under the Cruel and Unusual Punishment Clause [of the Eighth Amendment] . . . 'unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk

of serious harm exists, and he must also draw the inference.'"), quoting *Farmer*, 511 U.S. at 837. Even if the Complaint plausibly alleges Nurse Harris should have realized merely providing Plaintiff with crutches and over-the-counter pain medication presented a risk to Plaintiff because his injury required different treatment (which Plaintiff does not identify), he does not plausibly allege Nurse Harris *actually drew* an inference that treating him with crutches and over-the-counter pain medication prior to an x-ray and an MRI placed him at a substantial risk of serious harm, as opposed to merely alleging at most a disagreement with the type of treatment he received amounting to negligence or medical malpractice. *See Colwell*, 763 F.3d at 1068 ("A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference."); *Farmer*, 511 U.S. at 835 ("[D]eliberate indifference describes a state of mind more blameworthy than negligence" and "more than ordinary lack of due care for the prisoner's interests or safety.") The Complaint does not state an Eighth Amendment deliberate indifference claim against Defendant Nurse Harris.

Plaintiff alleges Defendant Dr. Duenas placed him "into a unsafe condition that posed an unreasonable risk of serious damage to my future health [by] conveying wrong rehabilitative methods and delaying access to treatment, failing to conduct an adequate examination causing unnecessary and wanton infliction of pain resulting in permanent physical damage." (ECF No. 1 at 19.) He claims Defendant Orthopedic Doctor Amory saw no injury on the MRI and prescribed physical therapy, and thereby "contributed [to] a misdiagnosis "by failing to inquire into essential facts that are necessary to make a professional judgement and delaying treatment." (*Id*. at 12.) These allegations fail to plausibly allege either Defendant was aware of and deliberately disregarded a risk to Plaintiff. Rather, they allege in a conclusory manner that Plaintiff was not provided the level of medical care he believed was necessary, but without identifying what medical care he was denied or should have received. *See Iqbal,* 556 U.S. at 678 (the "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting th[e] plausibility standard); *Colwell*, 763 F.3d at 1068 ("A difference of

opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference."); *Farmer*, 511 U.S. at 835 ("[D]eliberate indifference describes a state of mind more blameworthy than negligence" and "more than ordinary lack of due care for the prisoner's interests or safety.")  The Complaint fails to state an Eighth Amendment deliberate indifference claim against Defendants Dr. Duenas or Dr. Amory.

Plaintiff alleges that during his transportation to the Tri-City Medical Center Defendant Correctional Officer John Doe 1 "vigorously" placed him in a wheelchair, and once inside the hospital Defendant Correctional Officer John Doe 2 removed him from the wheelchair and forced him to walk, causing Plaintiff to fall. (ECF No. 1 at 22-23.)  These allegations are conclusory and devoid of facts as to precisely what actions these Defendants took or what information they had about Plaintiff's medical condition. *See Iqbal,* 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim.); *Castro*, 833 F.3d at 1068 ("A prison official cannot be found liable under the Cruel and Unusual Punishment Clause [of the Eighth Amendment] . . . 'unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'"), quoting *Farmer*, 511 U.S. at 837.  The Complaint as drafted presents only conclusory allegations that the John Doe Defendants took actions which placed Plaintiff at a substantial risk of harm, and no allegations they were aware of facts from which a reasonable inference could be drawn that Plaintiff faced a substantial risk to his health or safety in the manner in which he was placed in or removed from his wheelchair or that they actually drew such an inference.  The Complaint fails to state an Eighth Amendment deliberate indifference claim against Defendants John Doe 1 and 2.

Plaintiff alleges Defendant Warden Guzman "is appointed to oversee the safety and security of the institution an[d] personally violated my rights by neglecting to properly train his subordina[tes]."  (ECF No. 1 at 3.)  Plaintiff may not rely on a respondeat superior

theory of liability under § 1983, but must allege facts which plausibly show each individual Defendant was personally involved in the alleged constitutional violation. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983.")  A prisoner must allege "(1) that the specific prison official, in acting or failing to act, was deliberately indifferent to the mandates of the eighth amendment and (2) that this indifference was the actual and proximate cause of the deprivation of the inmates' eighth amendment right to be free from cruel and unusual punishment." *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  Supervisors may only be held liable if they were "personally involved in the constitutional violation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation." *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1074-75 (9th Cir. 2013).  The allegation that Defendant Warden Guzman is responsible for the safety and security of the prison and neglected to properly train his subordinates fails to plausibly allege any unlawful conduct by Warden Guzman, or any conduct at all.  And because as stated above the Complaint fails to allege a constitutional violation, it also fails to allege a causal connection between a constitutional violation and unlawful conduct by Warden Guzman.  The Complaint fails to plausibly allege an Eighth Amendment violation against this Defendant. *Id*.

Finally, Plaintiff alleges Defendant Tri-City Medical Center "failed to summon medical assistance or provide adequate training and or supervision for their employee" Defendant Dr. Amory. (ECF No. 1 at 24.)  Such conclusory allegations are insufficient to state a claim. *See Iqbal,* 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim.)  The Complaint fails to state a claim against Defendant Tri-City Medical Center.

Based on the foregoing, Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

D.  **Leave to Amend**

In light of Plaintiff's pro se status, the Court grants leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

III.  **Conclusion and Orders**

Good cause appearing, the Court:

1.  **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 4).

2.  **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee by collecting monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).

3.  **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California 94283-0001.

4.  **DISMISSES** all claims against all Defendants in the Complaint without prejudice and with leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

5.  **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file a First Amended Complaint which cures the deficiencies of pleading noted in this Order with respect to any or all other Defendants. Plaintiff's First Amended Complaint must be complete by itself without reference to his original Complaint. Defendants not named and any claims not re-alleged in the First Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered

waived if not repled.")  If Plaintiff fails to amend, the Court will dismiss this action for failure to state a claim and failure to prosecute.  *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED.**

Dated:  July 2, 2024

_____
Hon. Dana M. Sabraw, Chief Judge
United States District Court